J-S06010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS ALPHONSO BIGIO, | |
| Appellant | No. 3548 EDA 2013 |

Appeal from the Judgment of Sentence November 14, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012927-2007

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED FEBRUARY 05, 2015**

Luis Alphonso Bigio (Appellant) appeals from the judgment of sentence, imposed on November 14, 2013, following a revocation of his probation.  We affirm.

In January 2009, Appellant was convicted of possession with intent to deliver, 35 Pa.C.S. § 780-113(a)(30), following a bench trial.  He was sentenced to 18 to 36 months' incarceration, followed by 5 years' probation.  Probation was revoked in January 2012, after the trial court found Appellant committed technical violations of his probation.  The trial court deferred sentencing pending the outcome of a mental health evaluation.  Thereafter,

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant was deemed incompetent, and his case was transferred to Philadelphia's Mental Health Court.[1]

Following treatment, Appellant was deemed competent, and in May 2012, he was sentenced on his probation violation. He remained incarcerated, subject to immediate parole into an appropriate treatment facility. In October 2012, Appellant was admitted to Eagleville Hospital. However, in December 2012, Appellant was taken into custody for non-compliance with his treatment program. He remained incarcerated until June 2013, when he was placed at the Gaudenzia treatment facility in Philadelphia. While at Gaudenzia, Appellant received several sanctions for noncompliant behavior. For example, in July 2013, Appellant received a custody sanction for absconding from the treatment facility and two "jury box sanctions" for testing positive for marijuana. In September 2013, Appellant consumed alcohol in violation of the terms of his treatment. This resulted in a new behavior contract and warning that future violations would result in his discharge. In October 2013, Appellant was discharged from Gaudenzia for inappropriate behavior involving another resident. A bench warrant issued, and Appellant was again taken into custody.

---

[1] Mental Health Court employs a system of "graduated sanctions" imposed for violating the terms of probation, including frequent court appearances, "jury box sanctions," which obligate a probationer to sit in the jury box and observe court proceedings, and short-term incarceration. **See** Revocation Court Opinion, 4/11/2014, at 2; Appellant's Brief, at 5; Commonwealth's Brief, at 4.

In November 2013, a probation violation hearing was held, after which Appellant's probation was revoked. The revocation court sentenced Appellant to two and one-half to five years' incarceration, followed by two years' probation. Appellant timely filed post-sentence motions, which were denied by the revocation court. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The revocation court issued a responsive opinion.

On appeal, Appellant acknowledges that he committed technical violations of his probation. *See* Appellant's Brief, at 6; Notes of Testimony (N.T.), 11/14/2013, at 9. Such violations are sufficient to justify revocation. *See, e.g.*, *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007) ("Technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform."). Nevertheless, Appellant asserts the revocation court abused its discretion when it imposed a sentence of total confinement, in violation of 42 Pa.C.S. § 9771(c). *See* Appellant's Brief, at 3.

Appellant challenges discretionary aspects of the revocation court's sentence. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1041 (Pa. Super. 2013) ("[Challenges under § 9771(c) are not among the narrow class of issues that implicate the legality of a sentence.") (quoting *Commonwealth v. Schultzues*, 54 A.3d 86, 98 (Pa. Super. 2012)). Accordingly, Appellant's challenge is not an appeal as of right. ***See***

*Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006). Before we may reach the merits of this case, we must determine whether: (1) the appeal is timely; (2) Appellant preserved his issue; (3) Appellant's brief includes a statement of the reasons relied upon for allowance of appeal; and (4) Appellant's claim raises a substantial question. *Id.*; *see also* Pa.R.A.P. 2119(f).

Appellant has satisfied these requirements. This appeal is timely.[2] Appellant preserved his issue, having timely filed a post-sentence motion challenging the revocation court's sentence.[3] Appellant's brief includes a statement of the reasons relied upon for allowance of appeal. Finally, Appellant's claim, *i.e.*, the revocation court imposed a sentence of total confinement following mere technical violations of his probation and absent the prerequisites listed in 42 Pa.C.S. § 9771(c), raises a substantial question. *See Malovich*, 903 A.2d at 1253; *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000).

Turning to the merits, we review the sentence imposed for an abuse of discretion. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super.

---

[2] The revocation court sentence Appellant on November 14, 2013; and Appellant filed his notice of appeal on December 16, 2013.The thirtieth day following sentencing fell on Saturday, December 14, 2013. *See* 1 Pa.C.S. § 1908.

[3] Appellant's motion was filed eleven days after sentencing, as the tenth day fell on a Sunday. *See* 1 Pa.C.S. § 1908.

2010). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.*

Appellant asserts that the revocation court imposed a sentence of total confinement in violation of 42 Pa.C.S. § 9771(c), which provides the following:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). According to Appellant, none of these circumstances was present. Rather, Appellant suggests, the court sentenced him merely because he had not abided by all the conditions of his probation. Appellant notes that he has not been convicted of another crime. Moreover, according to Appellant, his behavior does not indicate that it is likely that he will commit another crime if he is not incarcerated. Finally, Appellant concludes, his poor performance at treatment facilities does not undermine the authority of the court, citing in support *Commonwealth v. Cottle*, 426 A.2d 598 (Pa. 1981).

Certainly, as stated by Appellant, "[v]iolating the internal rules of a treatment facility is not the same as violating the law." Appellant's Brief, at

13. In our view, the evidence presented at Appellant's revocation hearing does not support a finding that it is likely Appellant will commit another crime. *See* 42 Pa.C.S. § 9771(c)(2). Nevertheless, Appellant's poor behavior resulted in numerous sanctions, and several of the incidents raised at his revocation hearing may have constituted additional technical violations of his probation. *In the aggregate*, these sanctions affront the authority of the court. *See* 42 Pa.C.S. § 9771(c)(3).

Further, Appellant's reliance upon **Cottle** is misplaced. In **Cottle**, the appellant, "on his own initiative, had pursued an effective program of alcoholic rehabilitation and secured permanent employment." **Cottle**, 426 A.2d at 599. Nevertheless, the appellant's probation was revoked and the maximum sentence was imposed solely for failure to report to the probation department. *Id.* at 599-600. In a split decision, this Court affirmed, *see id.* at 599, but the Pennsylvania Supreme Court reversed our decision and vacated the sentence imposed. *Id.* at 602. The Supreme Court concluded as follows:

> To ignore Mr. Cottle's efforts in his own behalf and act solely on the basis of his failure to comply with the court's directive, would place form over substance. It would ignore the ultimate objective that has been achieved and the fact that, that accomplishment resulted from the efforts of the offender himself. We are here faced with a man who has demonstrated that he is now able to live successfully in the community.

*Id.*

Unlike the appellant in **Cottle**, here, Appellant has failed to take proper advantage of his probationary sentence. He has incurred numerous sanctions that culminated in his discharge from two treatment programs. At the revocation hearing, the court referenced these sanctions and implicitly concluded that a sentence of total confinement was essential to vindicate the authority of the court. **See** N.T., at 16-17 (stressing Appellant's multiple opportunities, but concluding that Appellant could not benefit from the support services offered by Mental Health Court); **see also** Revocation Court Opinion, 4/11/2014, at 7 (expressly stating that incarceration was necessary to vindicate the court's authority); 42 Pa.C.S. § 9771(c)(3). We discern no abuse of the court's discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015