J-A08038-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JACOB M. KREIDER, | : | |
| | : | |
| Appellant | : | No. 1204 MDA 2014 |

Appeal from the Judgment of Sentence Entered June 20, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0004095-2007

BEFORE:    SHOGAN, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 04, 2015**

Jacob M. Kreider (Appellant) appeals from the judgment of sentence entered following the revocation of his probation.  We affirm.

The violation court summarized the underlying background of this matter as follows.

> On January 8, 2010, [Appellant] pled guilty to charges of indecent assault (victim under 13 years of age) and corruption of minors.  On June 14, 2010, following a hearing, [Appellant] was classified as a sexually violent predator and sentenced in accordance with a proposed plea agreement to concurrent sentences of three and one-half years' probation, and subject to certain sex offender conditions. On August 13, 2010, [Appellant] was found in violation of his probation due to his possession [of] pornographic materials in violation of the sex offender conditions applicable to his probation.   [Appellant's] probation was revoked and he was resentenced on count 1 (indecent assault) to nine (9) months['] to three (3) years' incarceration, followed by two (2) years' probation, and on count 2 (corruption of minors) to a new period of five (5) years' probation, consecutive to count 1; the sex offender

*Retired Senior Judge assigned to the Superior Court.

conditions previously imposed remained conditions of [Appellant's] supervision. The sentences imposed were affirmed by the Superior Court on November 15, 2011. [***Commonwealth v. Kreider***, 38 A.3d 921 (Pa. Super. filed November 15, 2011).]

Following a hearing on June 20, 2014, [Appellant] was again found in violation of his probation for viewing and possessing pornography.[3] [Appellant] was found to be in possession of one "American Curves" magazine which portrayed partially nude women, several photographs depicting partially nude females who appeared to be under the age of 18 years, and two cellular phones displaying an internet history of visits to pornographic websites. For these violations, the court [revoked Appellant's probation and resentenced Appellant to an aggregate 3 ½ to 7 years' incarceration].

[Appellant] filed a motion to modify sentence on June 30, 2014, and on July 18, 2014, filed a notice of appeal … .

_____

[3] [Appellant] served all three years of the incarceration sentence imposed on count 1 and was paroled from the State Correctional Institution at Rockview on July 7, 2013. His consecutive two year probation began that same date and, but for the instant violation, was due to expire on July 7, 2015, at which time the consecutive five year probation sentence imposed on count 2 would have commenced. [Appellant] was serving his two year probation "split" on count 1 at the time the instant violation occurred.

Trial Court Opinion, 9/30/2014, at 1-2 (unnecessary capitalization and some footnotes omitted).[1] Notably, the violation court did not rule on Appellant's

_____

[1] By way of further background, testimony elicited at the violation hearing indicated that Appellant's probation officer found the items serving as the basis for Appellant's probation violation in conducting a search of Appellant's residence. N.T., 6/20/2014, at 4-7. The probation officer conducted the

- 2 -

post-sentence motion prior to Appellant filing his notice of appeal. Both Appellant and the violation court complied with Pa.R.A.P. 1925.

Appellant asks this Court to consider whether the violation court abused its discretion by imposing a sentence that is manifestly excessive and unreasonable. Appellant's Brief at 5. It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006). ***See also Commonwealth v. Sierra***, 752 A.2d 910, 912-13 (Pa. Super. 2000) (stating that a claim that a sentence was manifestly excessive, when that sentence was to total confinement at the statutory maximum following the revocation of probation based on a technical violation, is a challenge to the discretionary aspects of a sentence); ***Commonwealth v. Ahmad,*** 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at

---

search because his office had received a complaint from Children and Youth Services (CYS) that there may have been contact between Appellant and several juvenile females and that he had sent a picture of his genitalia to a child's phone. ***Id.*** at 5.

sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

The record reflects that Appellant timely filed a notice of appeal and that Appellant preserved this issue by including it in his motion for reconsideration of his sentence. Moreover, Appellant has included in his brief a statement pursuant to Pa.R.A.P. 2119(f). We now turn to whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Griffin***, 65 A.3d at 935 (citation and quotation marks omitted).

In his 2119(f) statement, Appellant contends that "his sentence is inappropriate under the Sentencing Code" because he "received a statutory-maximum sentence of 3½ to 7 years for a technical violation of his probation." Appellant's Brief at 13. Appellant also alleges in his 2119(f)

statement that the violation court considered an improper factor in sentencing Appellant. Appellant's Brief at 15-16. Each of these claims raises a substantial question. *See Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (concluding that the appellant's "claim that the trial court sentenced him to a term of total confinement based solely on a technical violation raises a substantial question for our review"); *Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa. Super. 2010) (concluding that the appellant's "claim the trial court relied on an improper factor raises a substantial question permitting review").

We analyze Appellant's claims mindful of the following.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.
>
> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the

time of the probationary sentence. However, 42 Pa.C.S.[] § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.
>
> In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Colon*, 102 A.3d at 1043-44 (citations and quotation marks omitted). Finally, we note that "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007).

As stated above, Appellant first claims that the revocation court abused its discretion in imposing the statutory maximum sentence solely based on a technical violation. Appellant essentially argues that the

violation was not flagrant and did not indicate an inability to reform, as Appellant viewed—but did not download—adult pornography on three dates, and "[h]e was attempting to discuss his slipping up with his probation office[r]." Appellant's Brief at 20-21.

The violation court set forth the reasons for its sentence as follows.

> Based on not just the stipulation as to the actual basis for the violation, but also based upon the testimony in support of the capias and petition for same, which are now part of this record, I find that the violation has occurred.
>
> I understand the distinction between the activities which led to the search of [Appellant's] residence and I understand that those are not the basis of the violation. They do, however, inform the [c]ourt's judgment on the appropriate sentence to impose in this matter.
>
> What I have here is, essentially, a troubled period of supervision from almost the beginning and this by a man who had previously been under supervision, shortly violated, served the maximum on a state sentence[], has had the benefit of more than one review with his state parole agent of the state of sex offender conditions, what is permitted and what is prohibited.
>
> I also believe … that [Appellant is] intelligent and … know[s] exactly what is and what is not allowed, and for [him] to say in a small rooming house that [he] just didn't realize [he] brought Exhibit 1 and Exhibit 2[2] back from upstate and that [he] didn't even realize that they were in the apartment, I find to be not credible at all because [he] know[s] exactly what [he has] in that small space.
>
> The sites that [he was] visiting, as I recall from the first violation hearing, which was also based on possession of pornography, indicates to me that [Appellant has] learned nothing, [he] wish[es] no degree of rehabilitation, and that [his]

---

[2] Exhibit 1 consisted of the photographs found in Appellant's possession, and Exhibit 2 was the "American Curves" magazine.

desire to indulge [his] interest and perversions become paramount and that notwithstanding active and ongoing sex offender therapy, [his] therapy history does not give me confidence in [his] ability or interest in committing to conforming [his] behaviors to the law.

I believe, therefore, that based on these offenses, based on the activities that led to the search of [his] residence, and based on what was found in [his] residence, [Appellant] pose[s] an extreme danger to the community.

N.T., 6/20/2014, at 25-26.

Upon review, we discern no abuse of discretion.[3] The record demonstrates that the violation court considered the appropriate sentencing criteria and reasonably concluded that probation was ineffective in rehabilitating Appellant and would not be in society's best interest. Moreover, it is evident from the transcript as cited above and the violation court's opinion that the court believed total confinement was necessary to vindicate its authority. *See* Trial Court Opinion, 9/30/2014, at 5 (explaining that, in minimizing "his repeated failure to comply with the conditions of his supervision[, Appellant] underscore[d] to the court his disinclination to adhere to the rules or to invest his energies in rehabilitation"). Therefore, Appellant is not entitled to relief on this basis.

---

[3] In so doing, we stress that "[a]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion" than that reached by the trial court. *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011).

Further, we reject Appellant's claim that the violation court considered an improper factor in sentencing Appellant. Appellant argues that the violation court impermissibly considered allegations from the CYS investigation of Appellant.[4] The record, however, belies this claim:

[THE COMMONWEALTH]: If I may clarify, the [c]ourt mentioned the basis for the search in this case. I believe it's clear on the record, but I want to make sure that the basis for the [c]ourt's sentence is solely the allegations of pornography and not the contact that was the basis for the search in this case.

THE COURT: The basis for the violation is the pornography. The basis for the sentence certainly is the possession of the pornography.

It is permissible and, in fact, required that the [c]ourt consider all matters relevant in sentencing, and since there was no finding of contact, I am not sentencing on the basis that there was contact.

I am sentencing, in part, on the basis of a somewhat struggling, troubled history of supervision since [Appellant's] release. It is not the basis of it. The bas[i]s of it is just as [Appellant] was last time in possession of pornography, he is,

_____

[4] In further support of his claim, Appellant argues that the violation court impermissibly concluded that all of the materials serving as the basis for the violation were pornographic in nature, including materials that the Department of Corrections did not view as pornographic and permitted Appellant to possess while he served his state sentence. To the extent this argument can be interpreted as a challenge to the trial court's consideration of an improper factor, we likewise reject it. As noted by the violation court, all of the items seized were prohibited materials under the conditions of Appellant's supervision. Trial Court Opinion, 9/30/2014, at 5. At Appellant's first violation hearing on August 13, 2010, the violation court informed Appellant that, in addition to all other sex offender conditions, it was adding the condition that it would be a violation if Appellant was in the possession of any erotic texts, images, internet links, or text messages of any kind involving any adult or child. N.T., 8/13/2010, at 23.

once again, in possession of pornography and, therefore, shows no rehabilitation or immunity to it.

N.T., 6/20/2014, at 28-29. Thus, the violation court made clear that it was sentencing Appellant on the basis that he was in possession of pornography. Accordingly, Appellant's claim is without merit.

Because Appellant has failed to demonstrate that he is entitled to relief, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2015