J-A14041-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM TORRES-PAGAN, SR., | : | |
| | : | |
| Appellant | : | No. 1227 MDA 2014 |

Appeal from the Judgment of Sentence Entered June 20, 2014,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0000550-2012,
CP-36-CR-0004839-2001

BEFORE:    BENDER, P.J.E., JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 01, 2015**

William Torres-Pagan, Sr. (Appellant) appeals from the judgment of

sentence imposed following the revocation of his probation.  Upon review,

we affirm.

The violation court summarized this case as follows.

> On December 20, 2001, [Appellant] pled guilty to one
> count of delivery of marijuana … at docket 4389-2001.  On
> January 25, 2002, he was sentenced to eight to 23 months'
> incarceration, followed by three years' consecutive probation.
> The consecutive probation began on November 20, 2003.  On
> March 24, 2005, [Appellant] was found in violation of his
> probation, having been charged with retail theft, and was
> sentenced to a new period of three-years' probation. [Appellant]
> was again found in violation of his probation on January 26,
> 2006, this time for using illegal controlled substances (heroin
> and cocaine); his probation was revoked and he was re-
> sentenced to time-served to 23 months' incarceration, followed
> by one-year consecutive probation, which began October 16,
> 2007.

*Retired Senior Judge assigned to the Superior Court.

Again, as a result of illegal drug use (heroin), [Appellant] was found in violation on June 6, 2008; probation was revoked and a new sentence of time-served to 23 month[s], followed by one-year consecutive probation was imposed. [Appellant] was paroled on June 6, 2008, tested positive for cocaine on July 15, 2008, and on September 5, 2008 was found in violation. [Appellant's] parole was revoked and he was sentenced to the unexpired balance of his parole sentence with parole after ten months (the one-year consecutive probation remained). Following parole on November 9, 2008, [Appellant] was again found to be in violation for drug use (heroin) and on January 15, 2010, was sentenced to the unexpired balance of his parole sentence with parole after nine months (the one-year consecutive probation still remained).

On or about November 17, 2011, [Appellant] was charged with one count of retail theft (CP-36-CR-0550-2012). As a result, he was found in violation of his probation on docket 4839-2001, and on March 23, 2012 was sentenced to ten to 23 months' incarceration, followed by two years' consecutive probation.

On May 1, 2012, [Appellant] pled guilty to the retail theft charge on docket 0550-2012 and was sentenced to 3-23 months' incarceration, followed by one year consecutive probation, the parole portion to be concurrent with the sentence on 4839-2012. [Appellant] was paroled on both dockets on August 3, 2012. The two-year consecutive probation on docket number 4839-2001 began on October 22, 2013 and the one-year consecutive probation on docket number 0550-2012 began on March 27, 2014.

During his most recent period of probation on dockets 4839-2001 and 0550-2012, [Appellant] again violated the conditions of his supervision by using heroin, and also for missing scheduled appointments with his probation officer.

Violation Court Opinion, 10/28/2014, at 1-3 (footnotes and unnecessary capitalization omitted).

At his June 20, 2014, violation hearing, Appellant was sentenced to an aggregate term of two and a half to five years' incarceration. Appellant timely filed a motion to modify sentence followed by a timely-filed notice of appeal.[1] Both Appellant and the violation court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth one issue for our review: "Was an aggregate sentence of two and a half to five years' incarceration manifestly excessive and clearly unreasonable under the circumstances of this case?" Appellant's Brief at 4.

It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. **Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006); **see also Commonwealth v. Ahmad,** 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at

---

[1] Pursuant to Pa.R.Crim.P. 708(E), Appellant's timely filing of his motion to modify sentence did not toll the 30-day appeal period. Thus, this appeal was properly filed prior to the violation court acting on the motion to modify sentence.

sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

The record reflects that Appellant timely filed a notice of appeal and that he preserved this issue by including it in his motion to modify his sentence. Moreover, Appellant has included in his brief a statement pursuant to Pa.R.A.P. 2119(f). We now consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Griffin***, 65 A.3d at 935 (citation and quotation marks omitted). "The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'" ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super.

2010) (quoting **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000)).

Because Appellant received a sentence of total confinement for technical violations of his probation, Appellant's issue raises a substantial question. **See Commonwealth v. Colon**, 102 A.3d 1033, 1043 (Pa. Super. 2014) (concluding that the appellant's "claim that the trial court sentenced him to a term of total confinement based solely on a technical violation raises a substantial question for our review").

We analyze Appellant's claim mindful of the following.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.
>
> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, 42 Pa.C.S.[]

§ 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

**Colon**, 102 A.3d at 1043-44 (citations and quotation marks omitted).

Finally, we note that "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." **Commonwealth v. Carver**, 923 A.2d 495, 498 (Pa. Super. 2007).

Appellant argues that the violation court "failed to consider several factors relative to the gravity of the offenses and rehabilitative needs of [Appellant]." Appellant's Brief at 12. Specifically, Appellant argues that the

violation court abused its discretion by failing to consider that the offenses were nonviolent, that the impact on the public was minimal, and that he is in need of drug treatment. *Id*. at 12-13.

The violation court aptly summarized its reasoning for sentencing Appellant to a period of total confinement.

> I am sorry to say that I think the County's resources here have been used up, [Appellant]. You are only 35. The only way that the justice system can give you any help as opposed to mere punishment is to put you in a position where compliance with drug and alcohol treatment isn't voluntary and doesn't rely on you to make it to appointments. It has to be a long-term setting in a state correctional system. I think that is your best and only shot at this.

N.T., 6/20/2014, at 6.

Additionally, the violation court considered Appellant's "violation history, the persistence and severity of his addiction, and [his] cycle of committing crimes to support his addiction" in concluding that a sentence of total confinement was appropriate under these circumstances. Violation Court Opinion, 10/28/2014, at 6.

Upon review, we discern no abuse of discretion.[2] The record demonstrates that the violation court considered the appropriate sentencing criteria and reasonably concluded that probation was ineffective in

---

[2] In so doing, we stress that "[a]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion" than that reached by the trial court. *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011).

rehabilitating Appellant and would not be in society's best interest. Therefore, Appellant is not entitled to relief on this basis.

Because Appellant has failed to demonstrate that he is entitled to relief, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2015