J-S53015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHARIFF L. PERRY, | |
| Appellant | No. 1696 EDA 2016 |

Appeal from the Judgment of Sentence Entered March 17, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007243-2014

BEFORE: BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 11, 2017**

Appellant, Shariff L. Perry, appeals from the judgment of sentence of one to four years' incarceration, imposed after his term of probation was revoked. Appellant solely challenges the discretionary aspects of his new sentence. After careful review, we are compelled to vacate Appellant's sentence and remand for resentencing.

The facts of Appellant's case are unnecessary to our disposition of his appeal. We need only note that on May 18, 2015, Appellant pled guilty to possession with intent to deliver ("PWID") a controlled substance (marijuana), 35 P.S. § 780-113(a)(3). He was sentenced that same day to two years' probation. In February of 2016, while Appellant was serving his term of probation, his probation officer, Tracy Allen ("PO Allen"), suspected that he had used marijuana. *See* N.T. Hearing, 3/17/16, at 6. PO Allen

asked Appellant to provide a urine sample for drug testing. *Id.* After she sent Appellant to the lab to submit that sample, she was informed by a lab technician that Appellant "had attempted to have someone else submit a urine sample in place of him, and that he was sent back up to see [her]." *Id.* However, Appellant failed to return to PO Allen's office as he was instructed to do. *Id.* Accordingly, a warrant was issued for Appellant's arrest. *Id.* at 7. Appellant appeared at PO Allen's office on his next report date, which was March 11, 2016, and he was detained at that time.

A probation revocation hearing was held on March 17, 2016, at which PO Allen testified. At the close of the hearing, the court revoked Appellant's probation and imposed a new sentence of one to four years' incarceration, with boot camp eligibility. Appellant filed a timely post-sentence motion for reconsideration of his sentence. However, before the court ruled on that motion, Appellant filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the restoration of his direct appeal rights. On May 18, 2016, the PCRA court granted that petition, permitted trial counsel to withdraw, and appointed new counsel to represent Appellant on appeal. Appellant filed a notice of appeal on May 27, 2016, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. On November 14, 2016, the trial court issued a Rule 1925(a) opinion.

Herein, Appellant presents one issue for our review:

[I.] Is the sentence of total confinement imposed in this matter for a technical violation of probation (namely, admitted marihuana use by [A]ppellant) unduly harsh, excessive and unreasonable under the circumstances where:

> [a.] [A]ppellant has not been convicted of another crime;

> [b.] the conduct of [A]ppellant failed to indicate that it is likely that he will commit another crime if he is not imprisoned;

> [c.] the sentence is not essential to vindicate the authority of the court; and,

> [d.] the sentence is not consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of [A]ppellant?

Appellant's Brief at 4.

Appellant's issue presents a challenge to the discretionary aspects of his sentence and, thus, he "must demonstrate that there is a 'substantial question' that the sentence is inappropriate." *Commonwealth v. Sierra*, 752 A.2d 910, 912 (citing, *inter alia*, 42 Pa.C.S. § 9781(b)).

> This determination is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> To this end, an appellant must include in his or her brief a concise statement of the reasons relied on for allowance of appeal. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 511-12, 522 A.2d 17, 18-19 (1987).

*Sierra*, 752 A.2d at 912-913 (internal quotation marks and one citation omitted).

Appellant has included a Rule 2119(f) statement in his brief to this Court. Therein, he avers that he has presented a substantial question for our review because the court imposed "a period of one to four years of total confinement for a technical violation of probation…." Appellant's Brief at 18. He also argues that his "conduct did not indicate that it is likely that he will commit another crime if he is not imprisoned." *Id.* Appellant stresses that he "admitted to drug use without being given a drug test[,]" and that he "voluntarily met with his probation officer even though the officer told [Appellant] he would be taken into custody. Thus, [Appellant] did not flee even when faced with the certainty of some amount of time in prison." *Id.*

Appellant also avers that "the sentence imposed was not essential to vindicate the authority of the court[,]" and that the court failed to "offer any explanation at all of *why* the sentence was necessary in this regard." *Id.* (emphasis in original). He further maintains that the sentence is not consistent with the protection of the public or the gravity of his offense, where his use of marijuana "made no appreciable negative impact on the community[,]" and Philadelphia has even "taken steps to lessen the criminal penalties sought in connection with the personal use of marihuana." *Id.* at 19. Finally, Appellant claims that the sentence is not consistent with his rehabilitative needs, and "[u]p to four years of state incarceration is not consistent with the cessation of marihuana use." *Id.* (footnote omitted).

We conclude that Appellant has presented a substantial question for our review. *See Sierra*, 752 A.2d at 913 ("On appeal from a revocation

proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation."); **Commonwealth v. Derry**, 150 A.3d 987, 999 (Pa. Super. 2016) (holding "that the failure to consider Section 9721(b) factors … present[s] a substantial question for our review of the discretionary aspects of sentences imposed for violations of probation").

In assessing the merits of Appellant's arguments, we begin by recognizing that:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion…. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will…. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous…. The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

**Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

We are also mindful of the dictates of 42 Pa.C.S. § 9771, which "places limitations on a court's ability to sentence a defendant to total confinement upon probation revocation…." **Commonwealth v. Carver**, 923 A.2d 495, 497 (Pa. Super. 2007). Specifically, subpart (c) of that section states:

- 5 -

(c) Limitation on sentence of total confinement. The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Here, in its Rule 1925(a) opinion, the trial court states that it "specifically found that the sentence imposed was [necessary] to protect society and to vindicate the court's authority…." Trial Court Opinion (TCO), 11/14/16, at 3; *see also* N.T. Hearing at 21 (the court's stating it was "sentencing [Appellant] to protect society and also to vindicate the [c]ourt's authority"). However, at the revocation/resentencing hearing, the court did not offer any discussion of what danger Appellant poses to society. Instead, the court made *generalized* remarks, such as a comment that, "[W]e live with young men that may present a danger to people, and that's not fair to us either. People have to put up with *people like him*, but that's not right." N.T. Hearing at 20 (emphasis added). The court did not expound on what it meant by 'people like him,' nor offer any specific reasons why Appellant, in particular, presents a danger to society such that incarceration is necessary.

Additionally, the court did not clarify why it found that Appellant is likely to commit another crime if not imprisoned. The only comments by the court that could be construed as such a finding are the following:

- 6 -

[THE COURT]: My inclination was to put him in jail for the PWID, because his criminal history is understated by the guidelines. He picked up three F-1 aggravated assault arrest[s] that ended up nolle prosed [*sic*]. I know he's not guilty, but **that pattern, that pattern shows something that should concern you**. And it would have justified an incarceration sentence on that PWID. So we did this instead and imposed some conditions.

N.T. Hearing at 14 (emphasis added).

The court's remarks suggest that it improperly found that Appellant poses a ***current*** risk of re-offending based only on several charges for which he was not convicted, and which occurred ***before*** he was sentenced to a probationary term. ***See Carver***, 923 A.2d at 497 ("It … is inappropriate to consider the defendant's conduct prior to imposition of the probationary term because the efficacy of probation has not yet been tested when that behavior occurred."). The court pointed to nothing in Appellant's conduct ***while serving his term of probation*** that would indicate he is likely to commit a new offense if not incarcerated.

Additionally, we agree with Appellant that the court failed to "offer any explanation at all of *why* the sentence was necessary" to vindicate the authority of the court. Appellant's Brief at 24 (emphasis in original). We recognize that the trial court stressed the "defiant nature of [Appellant's] technical violation," N.T. Hearing at 21, as well as his "poor attitude[,]" TCO at 4. However, these two factors, alone, simply cannot justify a term of incarceration of one to four years where Appellant committed ***one*** technical

violation of having marijuana in his system.[1]   Notably, PO Allen recommended that the court **not** impose a term of incarceration "given the circumstances" of Appellant's case, N.T. Hearing at 21, and the Commonwealth asked for a sentence of 11½ to 23 months' incarceration, **id.** at 16.   Nevertheless, the trial court imposed a term of incarceration, with a maximum term that was double the sentence recommended by the Commonwealth.

Finally, we agree with Appellant's argument that "the lengthy sentence of total confinement imposed is not consistent with the rehabilitative needs of [Appellant]."  Appellant's Brief at 19.  As Appellant points out, we must consider whether his **maximum** sentence of four years' incarceration is appropriate, and whether it comports with sentencing norms.  In this regard, the record makes clear that the trial court imposed a lengthier maximum term in order to ensure that, "[u]pon release," - presumably meaning release from parole -  "[Appellant] is … supervised intensely."  N.T. Hearing at 21.  The court also imposed conditions upon Appellant's release, including

---

[1] While we acknowledge that sentencing court must impose individualized sentences, we agree with Appellant that the de-criminalization of marijuana in cities across the United States, and in Philadelphia in particular, may properly be considered in weighing the severity of his technical violation.  As Appellant points out, recent changes in the Philadelphia City Code now make possession of a small amount (30 grams or less) of marijuana a civil violation that is punishable by a fine of $25.  **See** Appellant's Brief at 24-25. This fact provides worthwhile perspective on the technical, marijuana-related violation that was committed by Appellant, and on the severity of the sentence imposed by the court for that violation.

that he "be actively employed or be seeking employment[,]" or "be receiving vocational training and job training." *Id.* at 23. The court further directed that Appellant be "subject to random urinalysis." *Id.* at 22. In the trial court's opinion, it again emphasizes that it designed its sentence to include "state parole supervision." TCO at 4.

In *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa. Super. 2011), this Court stated that "[i]ssuance of parole may not be assumed and may not be treated as a tool of rehabilitation…." *Id.* at 148. This is so because, "presumably, a defendant's rehabilitation has already been achieved if parole is granted. Consequently, parole, imposed as a byproduct of an outsize maximum sentence, is not a legitimate means of implementing the statutory goals of criminal sentencing." *Id.* Instead, "the term of imprisonment must be individualized *in its entirety as a sentence of confinement* and not treated as a means to indefinite parole, or worse, as a means of private retribution or judicial policy-making." *Id.* (emphasis in original).

In this case, the record demonstrates that the trial court fashioned a lengthy maximum term of incarceration under the assumption that Appellant will be paroled, and to utilize the 'intense supervision' that parole imposes as a rehabilitative tool for Appellant. This was inappropriate under the rationale of *Coulverson*.

For all of the above-stated reasons, we are compelled to conclude that the trial court abused its discretion in sentencing Appellant following the

revocation of his probation.   Accordingly, we vacate Appellant's sentence and remand for resentencing.

Judgment of sentence vacated.   Case remanded for resentencing. Jurisdiction relinquished.

President Judge Ford Elliott joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2017