J-S80041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL SMITH | : | |
| | : | |
| Appellant | : | No. 1313 EDA 2017 |

Appeal from the Judgment of Sentence March 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009563-2009

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 21, 2019**

Appellant Carl Smith appeals from the judgment of sentence imposed following the revocation of his probation.  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court briefly set forth the relevant facts and procedural history of this case as follows:

> Appellant first appeared before this [c]ourt on March 9, 2010. Appellant was found guilty of possession with intent to distribute and possession of a controlled substance.  On this same date, after waiving pre-sentence reports, Appellant was sentenced to three to six years of incarceration plus five years of probation for possession with intent to distribute, and to no further penalty [for] possession of a controlled substance.  On April 8, 2016, Appellant appeared before the Honorable Frank Palumbo for absconding and his probation was continued.  Appellant appeared before Judge Palumbo a second time on June 16, 2016, again for absconding[,] and his probation was once again continued.
>
> Appellant appeared before this [c]ourt for absconding a third time on March 22, 2017.  The [c]ourt heard from Appellant, Appellant's counsel, Appellant's probation officer, and the Commonwealth.

> Appellant was found to be in technical violation of his probation and Appellant was sentenced to six to twenty-three months of incarceration with immediate parole to a FIR[1] approved facility followed [by] three years of reporting probation.

Trial Ct. Op., 6/28/18, at 2-3 (unpaginated); ***see also*** N.T., 3/22/17, at 4-5 (noting history of Appellant absconding).

On March 30, 2017, Appellant filed a motion for reconsideration challenging the trial court's sentence of total confinement under 42 Pa.C.S. § 9771(c). Following the trial court's denial, on April 20, 2017, Appellant filed a timely notice of appeal. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement on October 12, 2017, raising additional challenges to the discretionary aspects of his sentence.[2] On March 26, 2018, Appellant filed a supplemental Rule 1925(b) statement further challenging the legality of his

---

[1] The Forensic Intensive Recovery (FIR) Program is a prison-deferral initiative that offers eligible criminal offenders substance abuse treatment in lieu of incarceration. ***See*** https://www.phmc.org/site/programs/behavioral-health-services/criminal-justice-services (visited 1/24/19).

[2] In his Rule 1925(b) statement, Appellant raised the following additional issues: (1) the court abused its discretion by failing to give individualized consideration to Appellant's personal history, rehabilitative needs, and background, and the sentence imposed was in excess of what was necessary to address the gravity of the offense, the protection of the community, and Appellant's rehabilitative needs; and (2) the court abused its discretion by failing to order a presentence investigation report or stating its reasons for dispensing with one on the record. ***See*** Appellant's Rule 1925(b) Statement, 10/12/17, at 1.

sentence.[3]   The trial court subsequently filed a responsive Rule 1925(a)

opinion and concluded that Appellant was not entitled to relief.

Appellant raises the following questions, which we have reordered for

the purpose of this appeal:

1. Did not the [trial] court err as a matter of law and violate the discretionary aspects of sentencing when it imposed a manifestly excessive and unreasonable sentence, where it failed to consider and ignored [A]ppellant's personal history and rehabilitative needs, and the sentence was in excess of what was necessary to address the gravity of the offense, the protection of the community and [A]ppellant's rehabilitative needs?

2. Did not the [trial] court err and violate the requirements of 42 Pa.C.S.A. § 9771 (c) by sentencing [A]ppellant to total confinement absent him having been convicted of a new crime, absent any indication that he was likely to commit a new crime, and absent a showing that the sentence was "essential to vindicate the authority of the court"?

Appellant's Brief at 3.   Both of Appellant's issues challenge the discretionary

aspects of his sentence.

It is well settled that "[c]hallenges to the discretionary aspects of

sentencing do not entitle an appellant to review as of right." ***Commonwealth***

_____

[3] In his supplemental statement, Appellant challenged his original sentence under ***Alleyne v. United States***, 570 U.S. 99, 103 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." (citation omitted)).   However, Appellant ultimately abandoned the issue, as he did not include it in his brief to this Court.   In any event, he would not be entitled to relief on this basis.   ***Cf. Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) (stating that ***Alleyne*** does not apply retroactively to a mandatory minimum sentence that became final before ***Alleyne*** was decided).

***v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather,

before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citation

omitted). "To preserve an attack on the discretionary aspects of sentence, an

appellant must raise his issues at sentencing or in a post-sentence motion.

Issues not presented to the sentencing court are waived and cannot be raised

for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247,

1251 (Pa. Super. 2006) (citations omitted) (concluding that a discretionary

sentencing claim following the revocation of probation was waived because

the appellant did not file a post-sentence motion or raise the issue before the

court at the sentencing hearing); ***see also*** Pa.R.A.P. 302(a) ("Issues not

raised in the lower court are waived and cannot be raised for the first time on

appeal.").

In his first issue, Appellant argues that the trial court failed to consider

the relevant sentencing factors, resulting in an excessive and unreasonable

sentence. Appellant's Brief at 19. However, Appellant did not raise this issue

at sentencing or in his post-sentence motion. Instead, he raised this issue for

the first time in his Rule 1925(b) statement. Therefore, this issue has been waived.[4] *See Malovich*, 903 A.2d at 1251.

In his second issue, Appellant argues that the trial court abused its discretion by imposing a sentence of total confinement. Appellant's Brief at 14. Appellant asserts that the trial court violated the requirements of 42 Pa.C.S. 9771(c) by imposing a sentence of total confinement. Appellant's Brief at 13. Specifically, he asserts that the trial court failed to explain how a sentence of incarceration would vindicate the authority of the court. *Id.* at 14. Appellant claims that he was sentenced to incarceration because he "merely failed to abide by a term of his probation." *Id.* at 17-18. He argues that his technical violation was not "motivated by a desire to slight the court's authority," as he "was making reasonable attempts to comply with the requirements of probation." *Id.* at 18. Appellant concludes that total confinement was unnecessary, and that "incarceration is purely punitive in this scenario and will not foster Appellant's rehabilitative process." *Id.* at 18.

Appellant preserved this issue in his timely post-sentence motion and by including it in his concise of the reasons relied upon for allowance of appeal. *See Corley*, 31 A.3d at 296. This issue also raises a substantial question. *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (stating that "[t]he imposition of a sentence of total confinement after the

---

[4] Even if Appellant had properly preserved the issue, we would conclude that it lacks merit for the reasons set forth in the trial court's opinion. *See* Trial Ct. Op., 6/29/18, at 5-7.

- 5 -

revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process'" (citation omitted)). Therefore, we will review Appellant's argument that the trial court erred in imposing a sentence of total confinement.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

In this context, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b)." ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000). Following revocation, the court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. ***Id.***

"When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771." ***Crump***, 995 A.2d at 1282 (citation omitted). Under Section 9771, total confinement may be imposed if "(1) the defendant has been

- 6 -

convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(1)-(3).

This Court has held that "technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007). Where probation is ineffective as a rehabilitative tool, a sentence of incarceration may be appropriate. *See Malovich*, 903 A.2d at 1254 (finding no abuse of discretion in the trial court's sentence of total confinement due to technical violations and concluding that "[a]ppellant was not responding to the court's authority; incarceration was necessary."); *see also Commonwealth v. McAfee*, 849 A.2d 270, 277 (Pa. Super. 2004) (stating that the trial court was correct in finding that a sentence of total confinement was necessary to vindicate the authority of the court because the appellant "had demonstrated a complete lack of willingness to comply with the multiple court orders entered in this case").

In its Rule 1925(a) opinion, the trial court explained that

Appellant has continuously shown contempt for this [c]ourt and it was thus necessary to impose a sentence that reflected Appellant's character and vindicate the authority of the [c]ourt. In [*Crump*, 995 A.2d at 1283,] the Superior Court upheld [the *Crump* defendant's] revocation of probation and subsequent sentencing and deferred to the trial court where revocation was based on [that defendant's] lack of success while on probation, including failure to appear on several occasions and absconding from a halfway house. Similarly, here, Appellant has shown

himself to not be amenable to treatment. Appellant was given multiple chances by Judge Palumbo but never took the authority of this [c]ourt seriously. Appellant absconded multiple time[s] from probation and never went to the mental health treatment that he was ordered to go to. If Appellant had a problem with treatment or maintaining a residence as he claimed, Appellant only had to walk into this courtroom where he would have received the services that he needed. Instead Appellant chose not to report, not once, not twice, but three times. Therefore, it was in this [c]ourt's ambit to impose the sentence it did based on Appellant's character and blatant disrespect of the [c]ourt.

Trial Ct. Op., 6/28/18, at 4-5 (unpaginated).

Based on our review of the record, we find no abuse of discretion in the trial court's decision to impose a sentence of total confinement. *See Malovich*, 903 A.2d at 1254. As the trial court indicated at sentencing, Appellant had a history of absconding from supervision and the trial court gave him more than one opportunity to reform. *See* N.T., 3/22/17, at 4-5. Because continued probation had proven ineffective, the trial court acted within its discretion in finding that a sentence of confinement was necessary to vindicate the authority of the court. *See Malovich*, 903 A.2d at 1254; *see also Carver*, 923 A.2d at 498. Therefore, Appellant's claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/19

- 8 -