J-S32027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD SMITH | : | |
| | : | |
| Appellant | : | No. 1712 EDA 2018 |

Appeal from the Judgment of Sentence May 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011271-2011

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 02, 2019**

Appellant Donald Smith appeals from the judgment of sentence imposed following the revocation of his probation.  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court opinion set forth the relevant facts and procedural history of this case as follows:

> On February 21, 2017, [Appellant] tendered a negotiated guilty plea to the single count of a violation of the Uniform Firearms Act—Possession of Firearm by a Prohibited Person, 18 Pa.C.S. § 6105 [(VUFA),] in exchange for a withdrawal of more serious charges and a reduced sentence of [time served] to twenty-three (23) months of county confinement followed by [three] years of reporting probation with imposition of specified rehabilitative conditions.  Consistent with negotiations, Appellant was granted immediate parole and awarded credit for time served.
>
> At the time of the original imposition of sentence, Appellant had possessed a prior criminal record score of five (5) and the offense gravity score for [VUFA] was a ten (10).  Thus, the negotiated sentence was well below . . . the recommended guideline sentence

range of sixty (60) months to seventy-two (72) months with a plus or minus deviation of twelve (12) months . . . .

[The trial c]ourt accepted the negotiated guilty plea following a full and fair colloquy.

*     *     *

Appellant was directed to follow the conditions of parole and probation to the letter, which included compliance with recommended drug and alcohol treatment and passing the random drug and alcohol screening, obtaining verifiable employment, random home visits and completion of reporting. No appeal was taken.

On or about February 16, 2018, Appellant was arrested and charged with [new drug offenses]. On or about March 12, 2018, [the trial c]ourt was notified by the assigned probation and parole officer that Appellant had also repeatedly violated the terms of probation supervision prior to the triggering arrest. Thus, per [the trial c]ourt's instructions, a detainer was lodged by the Adult Probation and Parole Department and ***Gagnon***[1] . . . notifications and reports were duly prepared and sent.

As the ***Gagnon II*** summary reflected, . . . prior to [the] triggering arrest, Appellant had repeatedly violated the terms of [probation] and parole . . . by refusing to report to his probation officer [and] testing positive for illegal use of benzodiazepines, opiates, and marijuana derivatives on at least six occasions . . . . Following a full and fair violation hearing held on [March 27, 2018], during which all violations were conceded, Appellant was duly found to be in violation of the [terms of] parole and probation . . . . Thus, both the probation and parole periods were deemed revoked.

Following revocation, mental health evaluations and pre-sentence investigation [(PSI)] reports were ordered and thoroughly reviewed. [The trial court conducted Appellant's resentencing hearing on May 24, 2018.] After hearing argument and testimony and after citing cogent reasons for the sentence imposed, [the trial c]ourt entered an order of sentence of three (3) years . . . to six (6) years of state supervised confinement followed by two (2)

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

years of state supervised probation with rehabilitative conditions, including fines and costs.

Trial Ct. Op., 12/17/18, at 2-3 (some capitalization omitted).

Appellant timely filed a post-sentence motion, claiming that the trial court imposed "a manifestly excessive sentence for mere technical violations all of which stemmed from [Appellant's] drug addiction." Post-Sentence Mot., 5/24/18. The trial court denied Appellant's post-sentence motion without a hearing on May 30, 2018.

Appellant timely filed a notice of appeal and court ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On December 17, 2018, the trial court issued a responsive opinion, concluding that the sentence imposed following the revocation of probation constituted a reasonable exercise of judicial discretion.

Appellant now raises one question for this Court's review:

> Was [Appellant's] aggregate sentence of 3-6 years plus 2 years of reporting probation an abuse of discretion since it imposed a manifestly excessive sentence for mere technical violations all of which stemmed from [Appellant's] drug addiction?

Appellant's Brief at 3.

On appeal, Appellant contends that the trial court mischaracterized him as a "danger to the community" at the resentencing hearing. *Id.* at 9. Appellant insists that his "technical violations of probation all stemmed from a well-documented drug addiction." *Id.* As such, Appellant argues that the trial court "essentially criminalized this addiction as opposed to fashioning a sentencing designed to treat [Appellant's] substance abuse issues." *Id.*

- 3 -

Appellant concludes that the trial court abused its discretion by imposing a manifestly excessive sentence for technical probation violations. *Id.*

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

Here, Appellant timely filed a notice of appeal, preserved his claim in the post-sentence motion, and included a concise statement of reasons relied upon for allowance of appeal in his brief. *See id.* Additionally, the claim that the trial court imposed a manifestly excessive sentence based upon technical probation violations raises a substantial question. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006) (explaining that "a claim that a particular probation revocation sentence is excessive in light of its underlying technical violations" presents a substantial question). Therefore, we will review Appellant's claim.

Our well-settled standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

- 4 -

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgments for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

Our scope of review following the revocation of probation is not limited solely to determining the validity of the probation revocation proceedings and the authority of the trial court to consider the same sentencing alternatives that it had at the time of the initial sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-34 (Pa. Super. 2013) (*en banc*). Rather, "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Id.* at 1034.

The statute governing the modification or revocation of probation provides:

**§ 9771. Modification or revocation of order of probation**

\* \* \*

**(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

- 5 -

42 Pa.C.S. § 9771(c).

Further, this Court has held that the trial court must consider the sentencing factors contained in 42 Pa.C.S. § 9721(b). *See Cartrette*, 83 A.3d at 1040-41; *Derry*, 150 A.3d at 995. Specifically, the trial court must follow the principles "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *See Derry*, 150 A.3d at 993 (emphasis omitted and quoting *Cartrette*, 83 A.3d at 1040-41); *see also* 42 Pa.C.S. § 9721(b).

"Technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007). Where probation is ineffective as a rehabilitative tool, a sentence of incarceration may be appropriate. *See Malovich*, 903 A.2d at 1254 (holding that the trial court did not abuse its discretion in imposing total confinement due to technical violations and concluding that the "[a]ppellant was not responding to the court's authority; incarceration was necessary."); *see also Commonwealth v. McAfee*, 849 A.2d 270, 277 (Pa. Super. 2004) (stating that the trial court correctly determined that total confinement was necessary to vindicate the court's authority because the appellant "had demonstrated a complete lack of willingness to comply with the multiple court orders entered in this case").

Additionally, where a PSI report exists, we shall "presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Walls*, 926 A.2d 957, 967 n.7 (Pa. 2007) (citation omitted).

Instantly, at the resentencing hearing, the trial court detailed Appellant's technical probation violations. *See* N.T. Resentencing Hr'g, 5/24/18, at 6-7. The trial court also evaluated the information in the PSI report, including Appellant's mental health and employment histories. *Id.* at 10-11. The trial court scrutinized Appellant's prior convictions and arrests in Pennsylvania and New Jersey, noting prior firearms offenses. *Id.* at 9-10, 22. The trial court concluded that Appellant posed a "high risk" of reoffending, and a term of imprisonment at a state prison was necessary. *Id.* 22-24.

In its Rule 1925(a) opinion, the trial court provided further context for its decision:

> When asked by the [PSI] investigator as to his longest period of abstinence for the use of drugs[,] Appellant reportedly laughed and replied that [he has] never been abstinent. Appellant historically rebuffed all directed drug treatment efforts by his . . . probation officer.

> [The trial court also] considered the facts and circumstances surrounding the underling firearms offense at issue. Appellant's likelihood of recidivism and [the] danger [he poses] to the community were identified as salient sentencing factors.

> \* \* \*

> [T]he argument for the imposition of another period of probation lacked prudence. Appellant had flagrantly disregarded [the trial c]ourt's authority and ignored the rehabilitative conditions and purposes of probation that were imposed when [the trial c]ourt entered the original merciful sentence. At [the] time of [the] original sentence, [the trial c]ourt provided fair warning to Appellant that any violation would not be tolerated. Thus, there was a proven need to vindicate the authority of [the trial c]ourt that had been repeatedly and blatantly ignored.

Trial Ct. Op. at 8-9 (record citations omitted).

Because probation had proven ineffective, the trial court acted within its discretion in finding that a sentence of confinement was necessary to vindicate the authority of the court. **See Malovich**, 903 A.2d at 1254; **see also Carver**, 923 A.2d at 498. The trial court also had the benefit of the PSI report, and we can presume it was aware of the relevant sentencing factors. **See Walls**, 926 A.2d at 967 n.7. Moreover, the trial court's statement of reasons in support of the sentence demonstrates that it considered the factors set forth in 42 Pa.C.S. § 9721(b). **See Derry**, 150 A.3d at 994 (reiterating that after the revocation of probation, Section 9721(b) requires the court to follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the defendant's rehabilitative needs). On this record, we conclude that the trial court did not abuse its discretion, and Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing. **See Raven**, 97 A.3d at 1253.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/2/19