J-S84025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL PHARES FREY | : | |
| | : | |
| Appellant | : | No. 978 MDA 2017 |

Appeal from the Judgment of Sentence May 16, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000560-2015,
CP-36-CR-0002130-2015

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 23, 2018**

Michael Phares Frey appeals from his probation/parole revocation sentence, entered in the Court of Common Pleas of Lancaster County.  After careful review, we affirm.

In 2015, Frey was charged at two separate criminal informations with the following offenses:  five counts of retail theft (0560 of 2015),[1] two counts of receiving stolen property (RSP),[2] and one count each of theft by deception[3] and theft by unlawful taking (2130 of 2015).[4]  At 0560-2015, Frey pled guilty, pursuant to a negotiated plea agreement, and was sentenced to three years

_____

[1] 18 Pa.C.S. § 3929(a)(1).

[2] 18 Pa.C.S. § 3925(a).

[3] 18 Pa.C.S. § 3922(a)(1).

[4] 18 Pa.C.S. § 3921(a).

of probation on two counts and a concurrent term of two years of probation on the remaining three counts, for an aggregate sentence of three years' probation. As a condition of his sentence, Frey was ordered to complete a drug and alcohol evaluation and successfully complete any treatment deemed necessary. At 2130-2015, Frey also entered a negotiated guilty plea and was sentenced to an aggregate term of three years of probation.

On July 19, 2015, Frey stipulated that he violated his probation on 0560-2015 by using two bags of heroin on May 30, 2015 and four bags of heroin on June 9, 2015. The court revoked his probation and resentenced Frey as follows: time served to 23 months, followed by a consecutive one-year period of probation on a split sentence basis for one count of retail theft; a new three-year period of probation for another count of retail theft; and a new two-year period of probation for the remaining three counts of retail theft, all sentences to run concurrently to one another. Again, Frey was ordered to be paroled only upon completion of drug and alcohol programing offered at the Lancaster County Prison and upon acceptance into a long-term treatment program lasting at least six months. Frey was paroled from his sentence to an in-patient treatment program on December 7, 2015.[5]

---

[5] Because Frey committed a violation of his parole on his sentence in case 0560-2015, the discretionary aspect of that sentence is not in question on appeal. *Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007) (only option for court upon parole revocation is to recommit defendant to serve already-imposed, original sentence).

Less than two months after his release from incarceration, Frey was alleged to have violated his parole in 0560-2015 and probation in 2130-2015. Frey stipulated that he violated his parole and probation by using heroin on two separate occasions and being involuntarily terminated from participation in the court-ordered in-patient treatment program for admitting to the use of an illicit substance. At 0560-2015, the court resentenced Frey to: serve the unexpired balance of his county sentence (on one count of retail theft); 9-23 months' incarceration (on one count of retail theft); 9-23 months' incarceration, to be followed by a one-year probationary tail on a split sentence basis (on one count of retail theft); and two periods of 9-23 months' incarceration (on two counts of retail theft). Frey was ordered to be paroled at the expiration of the nine months or earlier into an in-patient program and directed to obtain educational or vocational training within 30 days of his release from incarceration or in-patient program. At 2130-2015, the court resentenced Frey to: a new five-year period of probation (on two counts of RSP) and a concurrent new one-year period of probation (on one count of theft by deception).

On January 9, 2017, Frey turned himself into the probation office for violating his probation and parole. On February 17, 2017, Frey stipulated in open court that he violated his parole and probation by using heroin on October 1, 2016 and October 2, 2016 and by failing to report to the Lancaster County Adult Probation Office on two occasions. The court revoked Frey's parole and probationary periods and directed that a pre-sentence report be

prepared within 90 days.  On May 16, 2017, the court resentenced Frey on both criminal informations as follows:

At 0560-2015:
  o  Serve the unexpired balance of his sentence, paroled immediately to any outstanding detainers (on two counts of retail theft); and
  o  Serve the unexpired balance of his sentence, paroled immediately to any outstanding detainers (on remaining three counts of retail theft); and

At 2130-2015

  o  Serve 1½-5 years' imprisonment (on two counts of RSP); and
  o  Serve 6 months to one year of incarceration (on one count of theft by deception).

Frey file a motion to modify his sentence that the court denied.  He filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  He presents one issue for our consideration: Was the trial court's sentence of one and one-half (1½) to five (5) years' incarceration manifestly excessive under the circumstances and an abuse of the court's discretion?

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  **Commonwealth v. Johnson**, 666 A.2d 691, 693 (Pa. Super. 1995) (quoting **Commonwealth v. Dotter**, 589 A.2d 726 (Pa. Super. 1991)).

> A four-pronged analysis is required before the Pennsylvania Superior Court will review the merits of a challenge to the discretionary aspects of a sentence.  Those prongs are: (1) whether the appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to consider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect,

Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa. Super. 2005). An appellant raises a substantial question when he shows that the sentencing court's actions were inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. Pa.R.A.P. 2119(f); *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006).

Instantly, Frey has complied with the first three prongs of the *Hyland* test by filing a timely notice of appeal, preserving his issue by including it in his motion to modify sentence, and including a Rule 2119(f) statement in his brief. We now turn to whether Frey has presented a substantial question for our review. We conclude that his issue does raise a substantial question. *See Commonwealth v. Colon*, 102 A.3d 1033 (Pa. Super. 2014) (claim that trial court's sentence of total confinement solely based on technical violation raises substantial question); *see also Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000) (same).

Our standard of review is well-settled:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing

court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, 42 Pa.C.S.[] § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

In addition, in all cases where the court resentences an offender following revocation of probation . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but **the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.**

*Colon*, 102 A.3d at 1043-44 (citations and quotation marks omitted) (emphasis added). Finally, we note that "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007).

- 6 -

Upon review, we discern no abuse of discretion. Here, the trial court noted that in resentencing Frey on his probation violations:

> [it] was guided by an extensive pre-sentencing investigation . . . [and] gave thoughtful consideration to the entirety of the pre-sentence investigation report; the penalties authorized by the Legislature; the comments offered by the attorney for the Commonwealth; the comments offered by the Defendant and his counsel; the recommendations and comments made by Defendant's supervising probation officer; the [D]efendant's extensive rehabilitative needs; the need for the protection of the community; the need for there to be a deterrence; the facts and circumstances of the underlying offenses; and, most notably, the [D]efendant's troubled history under the supervision of the court. The court noted that the [D]efendant was thirty-three years of age. The court considered the [D]efendant's educational background. The court noted the [D]efendant's prior criminal background, which demonstrated a relatively consistent pattern of anti-social behavior commencing in 2003 and continuing until the present time, including offenses of Driving Under the Influence, Disorderly Conduct, Possession of Controlled Substances, Criminal Trespass, Retail Theft, Criminal Conspiracy to Commit Theft and Retail Theft, Receiving Stolen Property, and numerous violations of his court supervision. The court further considered the [D]efendant's troubled upbringing, relationship history, limited mental health history, and sporadic employment history.

> In addition to the above considerations, the court was extremely concerned by Defendant's extensive drug and alcohol history, including numerous unsuccessful attempts at treatment. More specifically, Defendant began using alcohol at the age of thirteen; began using marijuana at the age of thirteen; used cocaine between the ages of twenty-five and twenty-seven; began abusing prescription medication at age twenty-seven; and, had been continuously using heroin since the age of twenty-eight. Although Defendant currently claims a desire to seek treatment, this [D]efendant has been provided with numerous prior treatment opportunities; including, completion of the drug and alcohol programming at the Lancaster County Prison, two stays at the residential Bowling Green rehabilitative facility, a commitment to the Gate House program, and outpatient counseling offered by Human Service Associates. Tragically, all said efforts at

community based treatment have been unsuccessful in attempting to maintain [D]efendant's sobriety.

Most troubling to this court was the [D]efendant's continued anti-social behaviors and open defiance of the regulations of his court supervision. Defendant presently suggests that the sentence imposed by this court is so manifestly excessive as to constitute an abuse of discretion because this was merely his third, technical violation of his periods of probation and parole. Said contention is belied by an examination of his history on court supervision. As noted above, Defendant's first violation involved the admitted use of heroin on two separate occasions and occurred within his first month of court supervision. Defendant's second violation involved the admitted use of heroin on two separate occasions and his involuntary removal from the court ordered Gate House in-patient rehabilitation program for the use of illicit substances. This violation occurred within two months of his having been released on parole. Although the court strongly urged the [D]efendant to address his addictive concerns and sternly cautioned the defendant regarding any continued failure to address such concerns or further violations of his court supervision, Defendant committed his third violation within twelve days of his most recent release on parole. Said violation again involved the admitted use of heroin on two separate occasions and the repeated failure of Defendant to report to his supervising probation officer as directed.

Trial Court Opinion, 8/17/17, at 10-12.

Frey contends that the trial court "did not consider any of the relevant, rehabilitative factors present and, as such, [the sentence] was manifestly excessive." Appellant's Brief, at 16-17. Moreover, Frey contends that because his prior criminal history is "comprised largely of non-violent theft and drug offenses [and because he] was trying to show his amenability to treatment by remaining sober and gaining employment", *id.* at 17, the trial court should have imposed a "less punitive county sentence with work release eligibility or early parole to inpatient treatment." *Id.* at 23. We disagree.

Frey stipulated to the multiple times he violated his parole and probation, sometimes just weeks after he had been paroled. In addition, the trial court gave an abundance of reasons for its parole/probation violation sentences; the court's revocation sentence took into account the nature of Frey's violations, his character, and his "continued antisocial behaviors and open defiance of the regulations of his court supervision." *Colon*, *supra* (record as whole must reflect sentencing court's consideration of facts of crime and character of offender). Most notably, the court's revocation sentence is reasonable considering Frey's inability to rehabilitate after having been given probationary sentences. *Carver*, *supra*. Although Frey's violations were not violent offenses, the fact remains that he had the opportunity to receive treatment for his opiate addiction, all to no avail. As a result, the court felt the need to impose a more restrictive sentence in order to "protect [Frey] from [him]self and protect the community from [his] behavior." N.T. Probation/Parole Revocation Proceeding, 5/16/17, at 9. We discern no abuse of discretion. *Colon*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2018