J-S35036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HITCHNER | : | |
| | : | |
| Appellant | : | No. 3448 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 6, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002486-2011

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                           Filed: October 22, 2020

Appellant, William Hitchner, appeals from the judgment of sentence of time served to six months of confinement followed by 30 months of probation imposed by the Court of Common Pleas of Delaware County after the revocation of his prior probationary sentence for driving under the combined influence of alcohol and a drug (third offense) and for driving while operating privilege is suspended or revoked.[1] We vacate the judgment of sentence and remand the case for proceedings consistent with this decision.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(d)(3) and 1543(b)(1) ("for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) . . . , because of a violation of section 1547(b)(1) (relating to suspension for refusal)"), respectively.

On July 9, 2013, Appellant pleaded guilty to the aforementioned charges and was immediately sentenced to one to two years of confinement followed by three years of probation. Following his release from confinement, Appellant relocated to the State of Delaware in order to care for his mother, who had a stroke, and his supervision was transferred to the State of Delaware pursuant to the Interstate Compact for the Supervision of Adult Offenders Act.[2]

On February 1, 2018, the trial court issued a bench warrant for Appellant's arrest. On November 6, 2019, the trial court held a revocation of probation hearing, at which --

> [Appellant] objected to the introduction of hearsay evidence from the State of Delaware regarding his probation. N.T., 11/06/2019, [at] 20. Counsel for Commonwealth introduced a business record to reflect the information that the [Delaware County] probation officer[, Jeff Roney,] offered in his verbal testimony. [*Id.* at] 21.

Trial Court Opinion, dated February 24, 2020, at 2. The report from the Delaware State Probation Office documented events between December 15, 2017, and January 10, 2018,[3] including conversations between Appellant and the authoring officer, between Appellant's sister and the author, and between

---

[2] 61 Pa. C.S. §§ 7111–7115. The Interstate Compact is an agreement entered into by the states to govern the movement, supervision and rehabilitation of parolees and probationers. *Id.* § 7112.

[3] The date of the report itself is unclear. The copy in the certified record is blurred. The second digit in the date next to the authoring officer's name is indecipherable, making the date somewhere between January 20 and 29, 2018. The date next to the compact administrator's name is January 18, 2018. Accordingly, at the earliest, the report was written eight days after the last of the events that it chronicles.

Appellant and an unnamed male officer. Exhibit C-1, 11/6/2019, at 3 (not paginated). No supporting documentation was attached to the report.

In response to Appellant's objection, the Commonwealth elicited the following testimony from Officer Roney:

> MR. RONEY:   I am the supervisor of the interstate compact.
>
> [THE COMMONWEALTH]:   And are there certain reports and documents that are prepared in order for an individual to be supervised under that compact?
>
> MR. RONEY:   Yes. We are prohibited from having direct communication with the supervising agent. The only communication we can have is a compact action request which is the document that I just sent up to you detailing the violations of [Appellant]'s supervision while under the jurisdiction of Delaware authorities.
>
> [THE COMMONWEALTH]:   And this is a document that's kept in the ordinary course of business as it relates to the compact?
>
> MR. RONEY:   That's correct.

N.T., 11/6/2019, at 21. The author of the report from the Delaware State Probation Office did not testify, the Commonwealth did not offer a certification authenticating the report, and Officer Roney did not explicitly testified to being the custodian of the report. *See* Exhibit C-1, 11/6/2019; N.T., 11/6/2019 at 19-21.

Based upon Officer Roney's testimony, the trial court concluded that "[t]he business record met the hearsay exception under Pa.R.E. 803(6), Records of a Regularly Conducted Activity, and, thus, was admissible." Trial Court Opinion, dated February 24, 2020, at 2.

At the conclusion of the hearing, the trial court found that Appellant had violated the terms of his probation and resentenced him to time served to six months of confinement followed by 30 months of probation. On December 2, 2019, Appellant filed this timely direct appeal.[4]

Appellant now presents the following issue for our review:

> The trial court erred in sentencing [Appellant] to a term of incarceration for violating his probation based entirely on inadmissible hearsay evidence.

Appellant's Brief at 5.

"We review a sentence imposed following a revocation of probation for an error of law or an abuse of discretion." *Commonwealth v. Flowers*, 149 A.3d 867, 873 (Pa. Super. 2016).

Appellant contends that "[t]he trial court erred in imposing a sentence of incarceration . . . almost entirely as a result of its analysis of inadmissible hearsay evidence." Appellant's Brief at 13.

"'Hearsay' means a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c).[5] "The rule against admitting hearsay evidence stems from its

---

[4] Appellant filed his statement of errors complained of on appeal on December 23, 2019. The trial court entered its opinion on February 24, 2020.

[5] The Rules of Evidence apply to hearings on the revocation of probation and parole. Pa.R.E. 101(a) ("These rules of evidence govern **proceedings in all courts** of the Commonwealth of Pennsylvania's unified judicial system, except as otherwise provided by law." (emphasis added)). Albeit that the comment

presumed unreliability, because the declarant cannot be challenged regarding the accuracy of the statement." ***Commonwealth v. Chmiel***, 889 A.2d 501, 532 (Pa. 2005) (citation omitted); ***see also Commonwealth v. Smith***, 681 A.2d 1288, 1290 (Pa. 1996) ("a hearsay statement lacks guarantees of trustworthiness"). "In order to guarantee trustworthiness, the proponent of a hearsay statement must establish an exception to the rule of exclusion before it shall be admitted." ***Commonwealth v. Manivannan***, 186 A.3d 472, 480 (Pa. Super. 2018), *reargument denied* (July 7, 2018).

As noted above, in the current action, the trial court "relied upon the business record introduced by the Commonwealth to make its decision which [the court found] met the Pa.R.E. 803(6) hearsay exception." Trial Court Opinion, dated February 24, 2020, at 2. Accordingly, at issue in this appeal is whether the report from the Delaware State Probation Office meets the requirements of the hearsay exception for business records. Pennsylvania Rule of Evidence 803 provides, in relevant part:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: . . .
>
> **(6) Records of a Regularly Conducted Activity.** A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:

---

to Pa.R.E. 101 concedes, "[t]raditionally, our courts have not applied the law of evidence in its full rigor in proceedings such as . . . sentencing hearings [and] parole and probation hearings," this comment does not endorse a wholesale abrogation of the hearsay rule in the context of hearings on the revocation of probation or parole.

(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

**(D) all these conditions are shown by the testimony of the custodian or another qualified witness**, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6) (emphasis added).

In the current case, the Commonwealth did not authenticate the report from the Delaware State Probation Office by certification. Appellant argues that Officer "Roney's description of the document and its handling does not meet [any other] test of authentication." Appellant's Brief at 16. The Commonwealth answers: "In the case at bar, the Commonwealth's witness[, *i.e.*, Officer Roney,] was a valid custodian of the document as a supervisor of the Interstate Compact and provided sufficient testimony qualifying the document as produced in the regular course of business under the compact." Commonwealth's Brief at 9.

In *In re A.J.R.-H.*, 188 A.3d 1157 (Pa. 2018), the Supreme Court of Pennsylvania considered whether certain exhibits admitted into evidence

"satisf[ied] the requirements of the business records exception[,]" where, as

in the current matter, "none of the documents were certified copies":

> There were emails and reports that documented conversations
> that occurred between individuals who did not testify and/or who
> did not author the document in question. . . . [No] witness testified
> to being the custodian of any of the records admitted from the
> various sources and authors. No witness stated that she was able
> to speak to the mode of each of the documents' preparation,
> testify that the documents were created at or near the time of the
> documented event or conversation, or made in the regular
> practice of the activity involved.

*Id.* at 1167-69 (footnotes omitted). After reflecting on these facts, the

Supreme Court found that "the manner in which these exhibits were admitted

into evidence . . . failed to satisfy the requirements of the business records

exception." *Id.* at 1167.

Analogously, in the current matter, the report from the Delaware State

Probation Office documented conversations the occurred between individuals

who did not testify and/or who did not author the report – including Appellant,

Appellant's sister, an unnamed male officer, and, of course, the non-testifying

author. *Compare* Exhibit C-1, 11/6/2019, at 3, *with A.J.R.-H.*, 188 A.3d at

1168. Neither Officer Roney nor anyone else testified to being the custodian

of the report. *Compare* N.T., 11/6/2019, at 19-21, *with A.J.R.-H.*, 188 A.3d

at 1169. Furthermore, the document itself indicates that it was written

anywhere from a minimum of eight days to over a month after the events it

chronicles. *Compare* Exhibit C-1, 11/6/2019, at 3, *with A.J.R.-H.*, 188 A.3d

at 1169. These facts suggest that the manner in which the report of the

Delaware State Probation Office was admitted into evidence failed to satisfy the business records exception. ***A.J.R.-H.***, 188 A.3d at 1167.

However, in the Commonwealth's favor is Officer Roney's testimony that the report was made in the regular practice of the activity involved. ***Compare*** N.T., 11/6/2019, at 21, ***with A.J.R.-H.***, 188 A.3d at 1169. Additionally, his explanation that the report was prepared in order for an individual to be supervised arguably qualifies as the mode of the documents' preparation. ***Compare*** N.T., 11/6/2019, at 21, ***with A.J.R.-H.***, 188 A.3d at 1169. Nevertheless, these considerations are not enough to compensate for the above-mentioned defects in the authentication of the report. ***Compare A.J.R.-H.***, 188 A.3d at 1169, ***with*** N.T., 11/6/2019, at 21.

Based upon these deficiencies, we cannot accept that the report was properly authenticated nor can the Commonwealth guarantee the trustworthiness of its contents. Accordingly, the trial court erred in admitting this evidence.

Moreover, the court's error was not harmless. ***See In re M.T.***, 607 A.2d 271, 280-81 (Pa. Super. 1992) (*per curiam*) (even if a court erred by admitting hearsay, an appellant must still establish that the court's error was reversible error).[6]

> "[A]n evidentiary error of the trial court will be deemed harmless
> on appeal where the appellate court is convinced, beyond a

---

[6] We may rely on cases predating the enactment of the Pennsylvania Rules of Evidence to the extent they comport with the Rules. ***Commonwealth v. Aikens***, 990 A.2d 1181, 1185 n.2 (Pa. Super. 2010).

reasonable doubt, that the error could not have contributed to the verdict." *Commonwealth v. DeJesus*, 584 Pa. 29, 880 A.2d 608, 614 (2005) (citing *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155, 164–66 (1979)).

*Manivannan*, 186 A.3d at 480 (2018). While, normally, "a trial court acting as the fact-finder is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence[,]" *Commonwealth v. McFadden*, 156 A.3d 299, 309 (Pa. Super. 2017), in the instant action, the trial court opinion unambiguously stated that it took into account this inadmissible evidence: "In a complete and comprehensive review of the record when making the final judgment, this [c]ourt relied upon the business record introduced by the Commonwealth." Trial Court Opinion, dated February 24, 2020, at 2. Consequently, we cannot state, beyond a reasonable doubt, that the admission of the report of the Delaware State Probation Office did not contribute to the trial court's decision to revoke Appellant's probation; ergo, the court's error in admitting the report was not harmless. *Manivannan*, 186 A.3d at 480.

Hence, we are constrained to conclude that Appellant is entitled to a new revocation of probation hearing. *See Commonwealth v. Mullins*, 918 A.2d 82 (Pa. 2007) (it is not proper to reverse revocation of probation where there was insufficient evidence of a probation violation presented; instead, proper procedure is to remand for another revocation hearing so that the evidentiary problem can be remedied); *see also Commonwealth v. Foster*, 214 A.3d 1240, 1243, 1252, 1254 (Pa. 2019) (citing *Commonwealth v. Maye*, 411 A.2d 783, 786 (Pa. Super. 1979) (this Court remanded based on

a violation of the probationer's right to confrontation, as the Commonwealth established the violation through hearsay evidence alone)); ***Commonwealth v. Carver***, 923 A.2d 495, 499 (Pa. Super. 2007) (after this Court "eliminated some of [the a]ppellant's conduct from the trial court's consideration[,]" the trial court must be "given the opportunity to analyze whether [the a]ppellant's probationary conduct warrants revocation under the applicable legal mandates").  For the foregoing reasons, we vacate the order of the trial court and remand the case for proceedings consistent with this decision.

Judgment of sentence vacated.  Case remanded for proceedings consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/20