J-S18043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE RIVERA | : | |
| | : | |
| Appellant | : | No. 2846 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 6, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003738-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE RIVERA | : | |
| | : | |
| Appellant | : | No. 2847 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 6, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001471-2021

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:               **FILED JUNE 27, 2023**

Appellant Jose Rivera appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia upon the revocation of his probation in two separate cases. Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

---

* Former Justice specially assigned to the Superior Court.

On October 21, 2019, Appellant pled guilty to possession of a controlled substance with intent to deliver (PWID) and was sentenced to one year of intensive probation to be followed by two additional years' probation. This charge was docketed at CP-51-CR-0003738-2019.

While on probation, on June 17, 2021, Appellant pled guilty to new PWID charge docketed at CP-51-CR-0001471-2021 and was sentenced to three years' probation. As a result of this charge, Appellant's probation was revoked at the 3738-2019 docket and he was sentenced to one year of intensive probation followed by two additional years' probation. The revocation sentence was set to run concurrently with the sentence on the new charge.

Thereafter, a bench warrant was issued for Appellant's arrest and Appellant was charged with technical probation violations as he failed multiple urine tests and failed to appear before his probation officer. On October 6, 2022, the violation of probation (VOP) court revoked both probationary sentences at 1471-2021 and 3738-2019 dockets in separate orders and imposed a sentence of 1½ - 3 years' imprisonment to be followed by two years' probation.[1] The VOP court indicated on its sentencing orders that it recommended state drug treatment.

On October 14, 2022, Appellant filed a motion for consideration of sentence, listed the 1471-2021 docket number, but not the 3738-2019 docket number. On November 3, 2022, Appellant sought leave to file an identical

---

[1] The trial court indicated at sentencing that the sentences on these two cases would run concurrently. Notes of Testimony (N.T.), 10/6/22, at 15.

post-sentence motion *nunc pro tunc* at the 3738-2019 docket number. On November 4, 2022, the VOP court granted Appellant leave to file the post-sentence motion *nunc pro tunc*.

On November 7, 2022, Appellant filed separate notices of appeal at each docket.[2] Appellant filed a motion to consolidate the appeals, which this Court granted on January 9, 2023. Thereafter, the certified record was submitted to this Court without a lower court opinion as the VOP court judge, the Honorable Robert P. Coleman, had since retired.

Appellant raises one issue for our review on appeal:

> Was not the sentence of imprisonment of 1½ - 3 years for the purpose of providing long term inpatient treatment for this drug addict probationer who committed drug addict related technical violations inappropriate and unreasonable, particularly since the judge had no statutory authority to provide that [Appellant] would receive any drug treatment with this sentence?

Appellant's Brief, at 2.

Appellant's sole issue in his appellate brief challenges the VOP court's discretion in imposing his sentence without adequately considering his rehabilitative needs. In reviewing such claims, we are mindful that:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and

---

[2] A post-sentence motion filed after the revocation of probation will not toll the thirty-day time period to file a notice of appeal. Pa.R.Crim.P. 708(E).

(4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

In this case, Appellant filed a timely notice of appeal, preserved his sentencing claims in a timely filed post-sentence motion, and was granted leave to file a post-sentence motion *nunc pro tunc*. Appellant's brief contains a Rule 2119(f) statement in which he argues that the VOP court failed to adequately consider his rehabilitative needs.

Section 9721(b) of the Sentencing Code provides that the "sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). *See Commonwealth v. Derry*, 150 A.3d 987, 999 (Pa.Super. 2016) (finding that a VOP's court failure to consider factors set forth in Section 9721(b) presents a substantial question). As Appellant has raised a substantial question, we may proceed to review the merits of his argument on appeal.

We review an order revoking probation for an abuse of discretion. *See Commonwealth v. Giliam*, 233 A.3d 863, 866-67 (Pa.Super. 2020). Our scope of review is limited to reviewing whether the reason for the revocation proceeding is valid, the legality of the sentence, and the discretionary aspects

of sentencing. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1033-34 (Pa.Super. 2013) (*en banc*).

This Court has discussed the reasons supporting our deferential standard of review of sentences imposed following revocation of probation:

> [A] trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence. The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.
>
> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role.
>
> However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.[A.] § 9721.

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.[A.] § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.[A.] § 9771(c).

Moreover, 42 Pa.C.S.[A.] § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *See also* Pa.R.Crim.P. 708([D])(2) (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.").

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where [ ] the trial judge had the benefit of a [presentence investigation ("PSI") report] during the initial sentencing proceedings.

***Commonwealth v. Pasture***, 107 A.3d 21, 27-28 (Pa. 2014) (case citations, footnote, and some quotations omitted). Furthermore, "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate [a resistance] to reform." ***Commonwealth v. Carver***, 923 A.2d 495, 498 (Pa.Super. 2007).

In this case, the VOP court made clear on the record at the revocation hearing that the imposition of state incarceration was necessary to address Appellant's rehabilitative needs, as Appellant had failed to address his drug problem through repeated attempts in short term inpatient therapy.

After Appellant left inpatient treatment against the recommendation of his probation officer, Appellant continued to test positive for cocaine, marijuana, and benzodiazepines. Notes of Testimony (N.T.), 10/6/22, at 4-5. Thereafter, Appellant failed to meet with his probation officer during his intensive probation and also failed to appear at one of his VOP hearings. N.T. at 5-6. Appellant also admitted that he had overdosed four separate times due to illegal drugs. N.T. at 12.

The VOP court recognized that Appellant's addiction persisted despite his multiple opportunities in short-term rehabilitation; the VOP court was very familiar with Appellant's history, given that Appellant had fifteen VOP hearings over the course of the several years. N.T. at 13. As a result, the VOP court told Appellant that "the state drug program may be what you need, because no matter how many times I send you to treatment you just keep doing the same thing." N.T. at 14.

- 7 -

While Appellant's guideline sentence was five to ten years' imprisonment, the VOP court imposed one to three years' imprisonment and recommended Appellant for the state drug treatment program. The VOP court acknowledged that Appellant might find this long-term sentence to be harsh, but indicated "with all sincerity, I am just trying to keep you alive, because [drug treatment is] just not working 30, 60 days at a time." N.T. at 15.

As reflected by the record, the VOP court thoroughly considered Appellant's rehabilitative needs in sentencing Appellant. Accordingly, we conclude that the VOP court did not abuse its discretion in imposing Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2023