J-S24045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEANNA MAIN | : | |
| | : | |
| Appellant | : | No. 462 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 21, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000651-2021

BEFORE: NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: September 24, 2025**

Jeanna Main ("Main") appeals from the judgment of sentence imposed following the revocation of her probation. We affirm.

On February 22, 2022, when Main was thirty-nine years old, she entered a negotiated guilty plea to one count of possession of a controlled substance,[1] heroin containing fentanyl. In exchange for withdrawing additional charges, including a charge of conspiring with her "partner"[2] "to be a drug dealer," the Commonwealth agreed to recommend a sentence of three years' probation. N.T., 2/22/22, at 3. The trial court noted that Main had a prior record score

---

[1] **See** 35 P.S. § 780-113(a)(16).

[2] **See** N.T., 3/21/24, at 8.

of three, and a prior conviction "for similar conduct." ***Id***. at 3, 10. The court

imposed the agreed-upon sentence of three years' probation, but advised:

> [Main] is [thirty-nine years old.] Your co-defendant was [thirty-eight]. . . You guys knew better [fifteen] years ago.
>
> * * * *
>
> This is ridiculous that we keep tolerating this nonsense. You have a prior record score of [three]. You will go to [state prison] if you mess up on this; do you understand?

***Id***. at 10. Main stated that she understood. The trial court also directed Main

to submit to random drug testing, complete 100 hours' community service

within the first year, and pay costs. Main did not file a post-sentence motion

or direct appeal. We note Main requested transfer of her probation supervision

to Washington County, which accepted it in April 2022.

On March 21, 2024, Main appeared before the trial court for a hearing

on the Commonwealth's allegations that she committed technical violations of

her probation. The probation officer stated the following: (1) Main tested

positive for cocaine use four times in September and October 2023; (2) the

probation department "attempted to get . . . Main into treatment[, but] she

left Greenbriar North Strabane against medical advice on October 15[,] 2023;"

Main has failed to report to the probation department since then; (3) and

although Main "was reminded in May of 2022 to start community service," the

probation department had no record of her completing any hours. N.T.,

3/21/24, at 3-4. Because of the failed drug tests, the Washington County

- 2 -

probation department "returned supervision" to the Allegheny County probation department. *Id*. at 3.

Main responded that after leaving the treatment center, she did not report to probation because "she was put in jail." *Id*. at 7. Main did not deny the remaining factual probation violation allegations. She then argued: (1) she completed a mental health and drug and alcohol assessment; (2) in prison, she participated in the "HOPE" program[3] and completed a parenting class; and (3) her "partner," who was also her "co-defendant" in the underlying charges, was in drug treatment, they have moved "to a better neighborhood and she intended "to remain sober with her partner." *Id*. at 7-8.

The trial court revoked Main's probation and imposed a new, violation of probation ("VOP") sentence of eleven and one-half to twenty-three months' imprisonment, and a consecutive one year's probation. This sentence was within the standard range for Main's underlying convictions. In imposing sentence, the trial court addressed Main:

> You are not a child. You have been through this before. You have [made] promises you don't keep. You've gotten in more trouble rather than at least not getting in any more trouble. You didn't do the conditions. . . . I just can't treat you like you're [eighteen] years old.

---

[3] *See* Main's Brief at 8 n.1 (stating that "[t]he HOPE Chaplaincy Program in the Allegheny County Jail provides pastoral care, charity, worship, religious education, religious programming and other support").

*Id*. at 11. Main then requested a transfer to "Passages for Recovery . . . so that she can continue her treatment." *Id*. at 12. The trial court denied the request, stating:

> We are past that point. I am not going to make accommodations for her sentence. We made accommodation. We gave her the way out at [thirty-nine] years old with a prior record score of [three]. She did nothing to take advantage of that. She did things to frustrate it. Enough is enough. I'm sorry to tell you that.

*Id*.

Main filed a timely post-sentence motion, which the trial court denied. Main then filed a timely notice of appeal. She and the trial court have complied with Pa.R.A.P. 1925.[4]

Main presents one issue for our review:

> Whether the trial court abused its sentencing discretion where it revoked probation and imposed a sentence of incarceration without considering all relevant sentencing criteria, including the protection of the public, the gravity of the offense, and . . . Main's character and rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b)?

Main's Brief at 5.

Main avers the trial court abused its discretion by: imposing an excessive sentence, ignoring her rehabilitative needs and need for drug treatment; failing to consider the gravity of her technical violations, and instead relying "heavily on facts that existed before [her] original probation

---

[4] Following the denial of the post-sentence motion, the VOP and sentencing judge, the Honorable Anthony Mariani, retired. The case was reassigned to the Honorable Jennifer Satler, who has authored the Pa.R.A.P. 1925(a) opinion.

sentence." *Id*. at 19, 21-22. These claims go to the discretionary aspects of her sentence.

We consider:

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

* * * *

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." . . .

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Swope*, 123 A.3d 333, 337-38 (Pa. Super. 2015) (some citations omitted). This Court has held that "an excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question." *Id*. at 339 (citation omitted). Additionally, a "claim that a particular probation revocation sentence is

- 5 -

excessive in light of its underlying technical violations" may present a substantial question. ***Commonwealth v. Carver***, 923 A.2d 495, 497 (Pa. Super. 2007).

Here, Main filed a timely post-sentence motion, which raised the issues she now presents, and filed a timely notice of appeal.[5] ***See Swope***, 123 A.3d at 337. Additionally, she raises substantial questions invoking our review. ***See id***. at 338; ***see also Carver***, 923 A.2d at 497. Thus, we proceed to consider the merits of her claims.

We first consider the applicable standard of review:

Our standard of review is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Swope***, 123 A.3d at 340 (citation omitted). "When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on

---

[5] Although Main filed a timely post-sentence motion and the trial court ruled on it, she filed the notice of appeal within thirty days of sentencing. ***See*** Pa.R.Crim.P. 708(E) (stating that "[a] motion to modify a sentence imposed after a revocation shall be filed within [ten] days of the date of imposition[ and t]he filing of a motion to modify sentence will not toll the 30-day appeal period").

victim and community, and rehabilitative needs of the defendant." ***Id***. at 338

(citation omitted).

With respect to probationary terms, this Court has explained:

> A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property. . . .
>
> If a condition of probation is not followed, subsection 9771(b) grants the court the authority to "revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S.[A.] § 9771(b). Upon revocation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing," although the court's ability "to order total confinement following a violation of probation is statutorily circumscribed" by subsection 9771(c).[6]

***Commonwealth v. Starr***, 234 A.3d 755, 761 (Pa. Super. 2020) (some

citations omitted). "[W]hen 'it becomes apparent that the probationary order

---

[6] The version of Section 9771(c) of the Sentencing Code in effect at the time of Main's March 21, 2024 VOP sentencing provided:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c)(1)-(3), *subsequently amended* Dec. 14, 2023, *by* P.L. 381, No. 44, § 3, *effective in 180 days [June 11, 2024]*.

is not serving this desired end (of rehabilitation) the court's discretion to impose a more appropriate sanction should not be fettered.'" ***Carver***, 923 A.2d at 499 (citation omitted). Finally, we note that under Section 9771(d), "[t]here shall be no . . . increase of conditions of sentence . . . after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation." 42 Pa.C.S.A. § 9771(d).

As stated above, on appeal Main avers the trial court abused its discretion in imposing an excessive sentence. Main maintains that she did not commit a new crime, but instead committed violations of her probation, which "were directly related to her substance abuse issues." Main's Brief at 21. Relatedly, Main contends: the trial court failed to consider her rehabilitative needs, specifically her need for drug treatment, and the court's sentence did not include any "rehabilitative aspect." ***Id***. at 22. Main asserts the trial court "failed to consider the gravity of her technical violations," and instead improperly "relied heavily on facts [pre-existing her] original probation sentence," including her age of thirty-nine and prior criminal history. ***Id***. Main also cites the mitigating factors of her completion of a mental health and drug and alcohol evaluation, and her participation in the HOPE program and a parenting class in prison.

After careful review of the record, we determine the trial court did not abuse its discretion in imposing sentence. ***See Swope***, 123 A.3d at 340. In

its opinion, the trial court reviewed the procedural history and the facts of Main's technical violations of probation. The court then reasoned:

> The record in this case supports the standard-range sentence imposed by Judge Mariani. Judge Mariani considered [Main's] past record. She [previously] had a criminal record and was on [probation] supervision as a result of criminal convictions[.] She had been on probation for almost two years and continued to use cocaine on multiple occasions. She refused to continue with treatment mandated by the probation office. She was provided with ample opportunities to conform her conduct to the dictates of the law but chose not to do so by continuing to use narcotics, refuse treatment and totally disregard her obligations to complete community service. Presumably, Judge Mariani believed that, based on [Main's] failure to avail herself of past rehabilitative

Trial Court Opinion, 11/6/24, at 4.

First, we reject Main's claims that the trial court: (1) did not consider the mitigating factor of her continued drug use; nor (2) her "behavior while on probation." Main's Brief at 22. The court clearly considered the undisputed fact that Main "failed four drug tests by testing positive for cocaine," and her leaving in-patient drug "treatment against medical advice." Trial Court Opinion, 11/6/24, at 1. Although the trial court did not construe these facts positively in favor of Main, her contention, that the court did not consider them at all, is mistaken. Relatedly, we note Main does not address the fact that she left drug treatment against medical advice.

Second, Main's prior criminal history was not, as she claims, a "fact[] that existed before [her] original probation sentence was imposed" and thus beyond the court's review. Main's Brief at 22. Instead, Main's prior record

- 9 -

score and criminal history were a part of the original sentencing record, and thus the trial court properly reviewed it. *See* 42 Pa.C.S.A. § 9771(d). At the 2022 plea and sentencing hearing, the trial court indicated that the recommended sentence of three years' probation was lenient, and advised Main that if she "mess[ed] up on" probation, she could face state prison time. N.T., 2/22/22, at 10. At that time, Main acknowledged that she understood.

In light of the procedural history and particular facts of this case, which, again, Main does not dispute, we decline to find an abuse of discretion in the trial court's imposition of the standard-range sentence. Instead, the trial court properly considered Main's sentencing record, her prior criminal history, the nature of her technical violations — four failed drug tests, the failure to complete *any* community service hours, despite a reminder from the probation department, and her failure to comply drug treatment. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/24/2025

- 10 -